UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 09-CIV-61013 COOKE/BANDSTRA

JOSHUA K. MANCEBO, *et al.*,

    *Plaintiffs*,

v.

PURDUE PHARMA, L.P.,

    *Defendant*.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

This matter is before me on Plaintiffs' Motion to Remand [D.E. 8], Defendant's Response in Opposition [D.E. 9], and Plaintiffs' Reply [D.E. 11]. I am denying Plaintiffs' Motion.

### I.  BACKGROUND

On August 22, 2008, Plaintiffs filed the present Complaint [D.E. 1] in Florida state court for the personal injury claims of Joshua K. Mancebo, Stephen Theodore Parsons, Bessie Mae Robinson, and Aaron Neal Strong, and a loss of consortium claim by Mr. Strong's wife, Charlene Lyn Strong. The Complaint seeks damages "in excess of Fifteen Thousand and No/100 ($15,000) Dollars," against Defendant Purdue Pharma ("Purdue") for alleged injuries arising from the ingestion of the prescription medication OxyContin. [ *Id.* ]

On December 5, 2008, Defendant served each Plaintiff with Requests for Admission, which included the following request: "Please admit that you, separately and individually, seek damages in excess of $75,000 in this action, exclusive of interests and costs." [D.E. 1-2, Exs. 2-

6]. On July 2, 2009, after several extensions of time, each Plaintiff responded "admitted" to this request. [D.E. 1-2, Exs. 7-11]. On July 9, 2009, Defendant filed its Notice of Removal, bringing the action to this Court. [D.E. 1].

## II. LEGAL STANDARD

Defendants must follow the procedure in 28 U.S.C. § 1446 to remove an action from state court to federal district court. Section 1446 provides that "[t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b). Where "the case stated by the initial pleading is not removable," however, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" *Id.* Among the jurisdictional requirements that must be met prior to removing a case to federal court is that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and that the action be between "citizens of different States." 28 U.S.C. § 1332(a). The burden is on the party seeking removal to demonstrate that federal jurisdiction exists by a preponderance of the evidence. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted). There must be unambiguous information that a case is removable before a defendant may remove a case from state court. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, n.63 (11th Cir. 2007).

## III. ANALYSIS

Plaintiffs argue that this case should be remanded because Defendant failed to file its

Notice of Removal within thirty days after the initial pleading was filed in state court. [1] According to Plaintiffs, the initial pleading, which stated that the action was for damages in excess of $15,000, served to put Defendant on notice that the $75,000 federal amount-in-controversy requirement was met because it included the five named Plaintiffs. [2] Since Defendant did not remove this case until more than 10 months after the initial pleading was entered in state court, Plaintiffs argue that the removal was untimely. Defendant, on the other hand, argues that the time period for removal did not commence until July 2, 2009, when Plaintiffs responded to Defendant's Request for Admissions, stating that each individual Plaintiff sought damages exceeding $75,000. For the reasons that follow, I agree with Defendant.

First, it is well-settled that the separate and distinct claims of multiple plaintiffs cannot be aggregated to arrive at the minimum amount-in-controversy requirement of § 1332(a). *Friedman*, 410 F.3d 1350, 1353 (11th Cir. 2005). Plaintiffs could not reasonably expect that Defendant would have notice that the federal jurisdictional amount was met by multiplying $15,000 five times for each of the five Plaintiffs. Second, the nature of Plaintiffs' claims alone is insufficient to establish conclusively the required amount-in-controversy, and would have required impermissible speculation. *See Lowery*, 483 F.3d at 1214-15 ("If [documents received

---

[1] In an attempt to argue that the existence of diversity jurisdiction is unclear, Plaintiffs also suggest that Defendant has not sufficiently demonstrated that its principle place of business is outside of Florida. I find that this argument is misplaced. For purposes of diversity jurisdiction, a limited partnership is a citizen of each state in which any of its partners are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). In its Notice of Removal [D.E. 1], Defendant stated that it was a Delaware limited partnership, and that its partners are citizens of Connecticut, Delaware, New York, the Channel Islands, and the British Virgin Islands. Each Plaintiff is a citizen of Florida (Compl. ¶¶ 2-6). Therefore, the parties are completely diverse.

[2] Plaintiffs would have had Defendant multiply the $15,000 by the five Plaintiffs to arrive at $75,000 ($15,000 X 5 = $75,000). [D.E. 8].

by defendant are] insufficient to establish that removal [is] proper or that jurisdiction [is] present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failing."). Finally, I find that Defendant did not receive unambiguous information that the amount-in-controversy exceeded $75,000—or stated otherwise, that the case was removable—until July 2, 2009, when it received Plaintiffs' Responses to Defendant's Requests for Admission. *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) (stating that responses to requests for admission constitute "other paper[s]" under § 1446(b)). Therefore, I find that this case is properly before the Court.

## IV.  CONCLUSION

ACCORDINGLY, and for the reasons set forth above, Plaintiff's Motion to Remand [D.E. 8] is **DENIED**.

DONE AND ORDERED in Chambers in Miami, Florida, this 30th day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*